# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 29, 2010

Charles R. Fulbruge III
Clerk

No. 09-20394
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ADELMO VILLEDA-MEJIA, also known as Luis Guevara-Laines, also known as Walter Adelmo Villeda Mejia, also known as Walter Villeda-Mejia, also known as Aldelmo Walter Villeda, also known as Luis Santos Guevara-Laines, also known as Aldemo Walterl Villeda, also known as Adelmo Villeda Mejia, also known as Luis S. Santos Guevara-Laines,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-44-1

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:*

Adelmo Villeda-Mejia appeals the 42-month sentence imposed following his guilty plea to illegal reentry following deportation. Villeda-Mejia contends that the district court committed significant procedural error in its consideration and weighing of the 18 U.S.C. § 3553(a) factors and in failing to adequately

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

explain the sentence imposed. He further argues that the sentence was substantively unreasonable.

Following *United States v. Booker*, 543 U.S. 220 (2005), we review sentences for reasonableness in light of the sentencing factors in § 3553(a). *United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005). Pursuant to *Gall v. United States*, 552 U.S. 38 (2007), we engage in a bifurcated review of the sentence imposed by the district court. *United States v. Delgado-Martinez,* 564 F.3d 750, 752 (5th Cir. 2009). First, we consider whether the district court committed a significant procedural error. *Gall*, 552 U.S. at 51. If there is no such error, we then review the substantive reasonableness of the sentence imposed for an abuse of discretion. *Id.*

"[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." *Rita v. United States*, 551 U.S. 338, 356 (2007). "Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence . . . the judge will normally go further and explain why he has rejected those arguments." *Id.* at 357. The explanation requirement may be satisfied if the district court listens to arguments and then indicates that a sentence within the guidelines range is appropriate. *Id.* at 357-59.

Here, the district court, after hearing argument of counsel for a below-guidelines sentence, briefly but amply stated its reasons for choosing a within-guidelines sentence. *See United States v. Rodriguez*, 523 F.3d 519, 525-26 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008). This court has consistently rejected the argument that a sentence within a guidelines range calculated using the illegal-reentry Guideline is not presumed reasonable on appeal. *See United States v. Duarte*, 569 F.3d 528, 530 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009).

The record shows that the district court based Villeda-Mejia's sentence on the advisory guidelines range, the information in the presentence report, and the § 3553(a) factors. The court considered Villeda-Mejia's arguments for a sentence

below guidelines range and the Government's arguments against such a sentence and determined that a 42-month sentence was appropriate. Villeda-Mejia is essentially asking this court to substitute his assessment of the appropriate sentence for that of the district court, which we will not do. *See Gall,* 552 U.S. at 51. He has not established that the district court abused its discretion in imposing his sentence, and he has not rebutted the presumption of reasonableness that attaches to his within-guidelines sentence. *See Gall*, 552 U.S. at 51; *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008). Villeda-Mejia has failed to show that the sentence is unreasonable. The sentence is AFFIRMED.